UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ZIARE CORWELL,

                Plaintiff,

v.

LAFONDA SPAULDING, SGT. DAVIS,
OFFICER CARDILLO, OFFICER COZIER,
OFFICER ADAMES, CORRECTIONAL
OFFICER SCHILLIRO, OFFICER BELTRAN,
and CORRECTIONAL OFFICER MELENDEZ,

                Defendants.
--------------------------------------------------------------x

**ORDER OF DISMISSAL**

19 CV 3049 (VB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/9/21

      Plaintiff, who is proceeding pro se and in forma pauperis, commenced this action by filing a complaint dated April 3, 2019. (Doc. #2). At that time, plaintiff was a pretrial detainee at Westchester County Jail.

      In its Order of Service dated April 10, 2019, the Court notified plaintiff of his responsibility to notify the Court in writing if his address changes, and the Court may dismiss the action if plaintiff fails to do so. (Doc. #6).

      The Order of Service was mailed to plaintiff, along with an "Instructions for Litigants Who Do Not Have Attorneys" pamphlet and a blank "Notice of Change of Address" form. (Doc. #7). Like the Order of Service, the Instructions pamphlet also states it is plaintiff's responsibility to notify the Court in writing if his address changes, and the Court may dismiss the action if plaintiff fails to do so. (See id. at ECF 2).

      On September 9, 2019, plaintiff filed his amended complaint. (Doc. #14). On September 11, 2019, the Court issued an Amended Order of Service, which reminded plaintiff of his responsibility to notify the Court in writing if his address changes, and the Court may dismiss the action if plaintiff fails to do so. (Doc. #15).

      On December 2, 2019, defendants moved to dismiss the amended complaint, and mailed to plaintiff copies of the motion and supporting documents. (Docs. ##23–24). Plaintiff's opposition to the motion was due December 19, 2019. See Fed. R. Civ. P. 6(d); Local Civil Rule 6.1(b). Plaintiff failed to oppose the motion by December 19 or seek an extension of time in which to do so.

      On December 27, 2019, the Court sua sponte extended to January 17, 2020, plaintiff's time to oppose the motion to dismiss. (Doc. #32). The December 27 Order warned plaintiff, in bold and underlined font, that if plaintiff failed to respond to the motion by January 17, the motion would be deemed fully submitted and unopposed. (Id.).

      By Order dated January 27, 2020, the Court deemed defendants' motion to dismiss fully submitted and unopposed. (Doc. #33).

      On July 13, 2020, the Court granted in part and denied in part defendants' motion to dismiss. (Doc. #34). Specifically, the Court permitted plaintiff's Fourteenth Amendment

1

excessive force claim to proceed against Asst. Warden LaFonda Spaulding, Sgt. Alexander Davis, and Correction Officers Juan Adames, Christopher Beltran, Dean Cardillo, Malik Cozier, Louis Melendez, and John Schirillo, but dismissed all other claims. (Id. at ECF 14).

By letter dated December 30, 2020, defense counsel advised the Court that plaintiff was transferred to Downstate Correctional Facility on October 22, 2020, and was released from custody on November 2, 2020. (Doc. #40). The letter also states that plaintiff has failed to update his address on the docket, and that counsel does not have a viable address to contact plaintiff, thus frustrating their efforts to pursue pretrial discovery. (Id.).

Accordingly, by Order dated December 30, 2020, the Court ordered plaintiff to update the Court in writing as to his current address, by February 4, 2021. (Doc. #41). The December 30 Order warned plaintiff, in bold and underlined font, that if plaintiff failed to update his address by February 4, 2021, the Court may dismiss this case for failure to prosecute or comply with Court orders. (Id.). The Court mailed the February 4 Order to plaintiff at his last known address on the docket and at an additional address listed for plaintiff on the CC line of defendants' December 30, 2020, letter.[1]

To date, plaintiff has failed to update his address in writing. Indeed, plaintiff last communicated with the Court in August 2020, when he appeared by telephone for the Court's initial conference. Accordingly, the Court concludes plaintiff has abandoned this case.

Having considered all of the factors set forth in Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996), the Court dismisses this case with prejudice for failure to prosecute or comply with Court orders. Fed. R. Civ. P. 41(b).

The Clerk is further directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purposes of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address on the docket and at an additional address listed for plaintiff on the cc line of defendants' December 30, 2020, letter.

Dated: February 9, 2021
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[1] The addressed listed on the cc line of defendants' December 30, 2020, letter appears to be plaintiff's last known address pre-incarceration. (Doc. #40 at ECF 2 n.1).